UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE MADDEN,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:05-CV-01497-KJD-RJJ<br><br>**ORDER** |

Currently before the Court is Defendants' Motion for Summary Judgment (#19), filed February 13, 2007. Plaintiff filed a Response (#22), to which Defendants filed a Reply (#25).

**I. Background**

Plaintiff George Madden (Madden), a former corrections officer for the Nevada Department of Corrections (NDOC) filed a Complaint on September 9, 2005, alleging four claims for relief based on allegations of (1) violation of 42 U.S.C. § 1983; (2) violation of his equal protection rights; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. The allegations are brought against the State of Nevada; *ex rel* the Nevada Department of Corrections, and Jackie Crawford (Crawford) individually, and officially, as the Director of NDOC. Plaintiff Madden alleges that he was unlawfully terminated while working as a probationary employee for NDOC.

Plaintiff was hired by NDOC on or about December, 2, 2002, as a one-year probationary employee/corrections officer at a privately operated women's correctional facility, contracted through the State of Nevada.  Allegedly, sometime prior to Plaintiff's probationary employment, a female inmate told other inmates that she was having sexual relations with the Plaintiff.  Plaintiff claims that a "cursory and informal investigation[]" of the inmate's alleged statements revealed that the statements were false, (Pl.'s Compl. at 4), however, further investigation revealed allegations that Plaintiff had been involved in supplying inmates with illegal drugs.  (Defs.' Mot. for Summ. J. Ex. B. at 35–37.)  Later, Plaintiff applied for permanent status as a corrections officer within the NDOC but was informed via letter dated September 11, 2003, that he had been rejected from probation, was terminated from his employment, and that he had no right to appeal.

Plaintiff's Complaint alleges that he was unlawfully denied permanent status as a corrections officer because of the unfounded statement of impropriety made by the female inmate, and also contends that his termination was unlawful because he was never informed about any deficiency in his work performance or given a reason for his termination.  (Pl.'s Compl. at 4.)  Here, Defendants seek summary judgment, contending *inter alia* that Plaintiff's constitutional rights were not violated, and that all Defendants are entitled to Eleventh Amendment immunity.

**II.  Standard of Law for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

**III. Analysis**

Defendants' Motion for Summary Judgment asserts that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed based on Eleventh Amendment immunity. Defendants also assert that the governing state codes and regulations fail to establish a right for probationary employees to appeal a discretionary termination decision, or that Plaintiff's probationary position formed an employment contract upon which Plaintiff may claim relief.

**1. Eleventh Amendment Immunity**

In his Response to Defendants' Motion for Summary Judgment, Plaintiff admits that Defendant State of Nevada, *ex rel.*, its Nevada Department of Corrections is entitled to immunity and concedes to dismissing it as a Defendant in this matter. Likewise, Plaintiff also admits that

1 Defendant Crawford is entitled to official capacity immunity.  Therefore, it is undisputed that
2 Defendant State of Nevada, *ex rel*., its Nevada Department of Corrections and Defendant Crawford,
3 in her official capacity, are entitled to official capacity immunity.  Therefore, the Court grants
4 Summary Judgment in this regard.

5 In opposition to Defendants' Motion for Summary Judgment, Plaintiff maintains that his
6 federal and state law claims against Crawford are permitted, seeking to impose liability against
7 Crawford in her individual capacity for actions taken under color of state law.  (Pl.'s Resp. at 4.)
8 Plaintiff also contends that Crawford is not entitled to qualified immunity.  (Pl.'s Resp. at 6–9.)
9 Defendants assert that Plaintiff's constitutional rights were not violated, and even if his rights had
10 been violated, Defendant Crawford is entitled to both qualified and discretionary immunity.

11 **1. Qualified Immunity**

12 The defense of qualified immunity protects state officials sued in their individual capacities
13 unless the conduct complained of violates a clearly established constitutional or statutory right of
14 which a reasonable person would have known.  See, e.g. Jackson v. City of Bremerton, 268 F.3d 646
15 (9th Cir. 2001).  The qualified immunity analysis begins with a threshold question of whether, based
16 upon the facts taken in the light most favorable to the party asserting the injury, the official's conduct
17 violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If no constitutional right
18 was violated, the court need not inquire further.  Id.  However, if a constitutional violation occurred,
19 the court's second inquiry is whether the official could nevertheless have reasonably, but mistakenly,
20 believed that his or her conduct did not violate a clearly established constitutional right.  Id.  In
21 resolving these issues, the Court must view all evidence in the light most favorable to the Plaintiff
22 and resolve all material factual disputes in favor of the Plaintiff.  Martinez v. Stanford, 323 F.3d
23 1178, 1184 (9th Cir. 2003).  Here, the Court first examines whether Plaintiff's constitutional rights
24 were violated.

**A. Constitutional Violation**

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. The Equal Protection Clause of the Fourteenth Amendment provides that the State shall not "deprive any person of life, liberty or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Plaintiff contends that Defendants violated his Sixth and Fourteenth Amendment rights of due process and equal protection by "denying [him] permanent status as a corrections officer . . . without a hearing or statement of the reasons for such denial", because the "usual inquiry into allegations of sexual misconduct with inmates was not conducted for his protection", and because he was not "informed of any perceptions of shortcomings in his employment by his supervisors or given any opportunity to correct any such perceived shortcomings." (Pl.'s Compl. at 5.)

Contrary to Plaintiff's assertions, the Court finds that Plaintiff has failed to demonstrate that Defendants violated his constitutional rights of due process or equal protection. The Nevada Administrative Code (NAC) Rule 284.458 states,

> 1. During a probationary period, an employee may be rejected for any lawful reason, as determined by his appointing authority. An employee rejected pursuant to this subsection has no appeal rights.
>
> 2. An employee who is serving a trial period may not use the grievance procedure set forth in NAC 284.658 to 284.6957, inclusive, to appeal the decision by the appointing authority to reject the employee during his probationary period.
>
> 3. A probationary period does not create a contractual relationship between the employee and employer.
>
> 4. If a report of separation is not received by the employee or the Department of Personnel by the close of business on the last day of the probationary period, the employee is considered to have satisfactorily completed the probationary period and acquired permanent status.

Plaintiff does not debate that he was a probationary employee at the time of his termination. (Pl.'s Compl. Ex. B. at 30.) Instead, Plaintiff contends that his termination was not for a lawful reason, as

5

required under NAC 284.458(1), and alleges that Defendants failed to provide the required notification indicating that Plaintiff was not a satisfactory employee as required by NAC 284.458(3).

Specifically, Plaintiff alleges that he was terminated based on the false accusations of the female inmate, and that in taking "the word of this convicted felon as gospel," NDOC is "in essence accusing Plaintiff of several crimes basing the Plaintiff's termination on fraudulent and libelous charges." (Pl.'s Resp. at 7.) The Court finds Plaintiff's argument unpersuasive. Plaintiff cites no case law or authority to suggest that dismissal of a probationary employee as a result of character questions is unlawful. To the contrary, the Court finds that such a decision fits within the purview of NRS 41.032, which provides immunity for state employees for suits based upon the exercise or performance of discretionary functions.[1] Here, the evidence suggests that Plaintiff's NDOC supervisors were aware of allegations that Plaintiff had engaged in sexual acts with an inmate, and that the investigation of said allegations yielded information suggesting that Plaintiff had provided illegal drugs to inmates.

Based upon said allegations of character, together with the plain language of NAC 284.458, the Court finds that Plaintiff has failed to demonstrate that his termination was unlawful, or that his

---

[1] NRS 41.032 states,
[N]o action may be brought . . . against an officer or employee of the state or any of its agencies or political subdivisions which is:

\* \* \*

(2) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

NRS 41.032. The Nevada Supreme Court has found that "discretionary acts," under NRS 41.032 "are those which require the exercise of personal deliberation, decision and judgment." Travelers Hotel, Ltd. v. City of Reno, 741 P.2d 1353, 1354 (Nev. 1987) (citing Parker v. Mineral County, 729 P.2d 491 (Nev. 1986)). The Travelers court found that a city council's decision not to approve a special use permit was a discretionary function within the purview of NRS 41.032 immunity. Id. Similarly, the Parker court held that the decision of county officials not to respond to a report of an injured person was "an exercise of personal judgment as to how their limited resources should be utilized to best promote the public good." Parker v. Mineral Company, 729 P.2d at 493. Likewise, here, the Court finds that the decision to terminate Plaintiff's probationary employment upon investigation of allegations of sexual impropriety with an inmate and also that Plaintiff had allegedly provided drugs to inmates was a decision that required the exercise of personal deliberation, decision, and judgment.

6

constitutional rights were violated. Moreover, in accordance with NRS 284.290(3), Defendants have provided a personnel ESMT form that notified NDOC personnel within the term of Plaintiff's probationary period, that Plaintiff failed to attain permanent status.[2] (Defs.' Mot. for Summ. J. Ex. A.)

Furthermore, to sustain a claim under 42 U.S.C. § 1983, the claimant must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1988). "The Due Process Clause does not create substantive rights in property;" rather, "property rights are defined by reference to state law." Id. In Nevada, all employees are presumed to be at-will employees unless an employee can prove by a preponderance of the evidence that there was an express or implied contract of employment that provided for termination only for cause. American Bank Stationary v. Farmer, 799 P.2d 1100 (1990). A probationary, or at-will employee has no property interest in his/her employment. See Brady v. Gebbie, 859 F.2d 1543, 1548–49 (9th Cir. 1988) (stating that Plaintiff could only have a property interest in his job if state law created such right). Here, Plaintiff was a probationary employee for NDOC, and therefore, had no property interest in his continued employment at NDOC.

For the reasons stated herein, the Court finds that Plaintiff's claims for relief based upon alleged violations of his constitutional rights of due process and equal protection must fail.

**B. Crawford's Personal Involvement**

Although the Court has established that there was no constitutional violation, assuming *arguendo* that there had been a violation, the Court finds that Defendant Crawford is entitled to qualified immunity because she was not personally involved in any alleged violation. Liability under

---

[2] According to NRS 284.015, the definitions to be used in Chapter 284 state that "'Department' means Department of Personnel", and 'Director' means Director of the Department." NRS 284.015. Under this definition, it is required that notice be given to the Director of the Department of Personnel—not the Director of NDOC.

42 U.S.C. §1983 arises only upon a showing of personal participation by the defendant in alleged constitutional deprivation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under §1983. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d at 1045.

Here, Plaintiff has failed to demonstrate that Crawford was personally involved in Plaintiff's alleged deprivation, or that Crawford had knowledge of said alleged deprivation and failed to take appropriate action. Rather, Plaintiff's Complaint alleges only that Defendant Crawford was the director, and consequently a "policy maker" for NDOC, and Plaintiff's supervisor during the time of his employment with NDOC. (Pl.'s Compl. at ¶ 5.) The Complaint fails to allege any specific behavior or incident Crawford committed or ordered that violated Plaintiff's rights. That Crawford is responsible for supervising the operating NDOC is insufficient to establish that Crawford participated in the alleged constitutional deprivations.

Therefore, even if Plaintiff were to have sufficiently demonstrated that he suffered a constitutional deprivation, Defendant Crawford would be entitled to qualified immunity because she did not personally participate in or have any knowledge of the alleged constitutional violations.

**2. State Law Claims**

Plaintiff requests—in the event the Court grants summary judgment on his federal claims—that the Court dismiss his state law claims for breach of contract and breach of the covenant of good faith and fair dealing, in order to allow him to refile said claims in state court. Plaintiff argues that under state law, he was entitled to notification of his termination beyond the statement he received, and that his employment status created a legal contract under state law.

Pursuant to 28 U.S.C.A. § 1367(a) in cases involving both federal and state-law claims, state-law claims fall within the supplemental jurisdiction of federal courts. See Wisconsin Dept. of

Correction v. Schacht, 524 U.S. 281 (1998).[3] The Court finds it appropriate to rule on Plaintiff's state law claims here, because said claims are so closely related to Plaintiff's federal claims.

As listed above, NAC 284.458(3) states that "a probationary period does not create a contractual relationship between the employer and employee." Here, the Court finds this language to be controlling. Because there was no contractual relationship between Plaintiff and NDOC, Plaintiff's third and fourth claims for breach of contract and breach of the implied covenant of good faith and fair dealing also fail. See Sever v. Alaska Pulp Corp., et al., 931 P.2d 354, 358 (9th Cir. 1996) (stating where there is no contract, there can be no duty, and if there is no duty, there can be no breach). For these reasons, the Court hereby grants Defendants' Motion for Summary Judgment for Plaintiff's third and fourth claims.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#19) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter **JUDGMENT** for Defendants.

DATED this 10th day of September, 2007.

_____
Kent J. Dawson
United States District Judge

---

[3] More specifically, supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

9